DARWIN, &c. *vs* RAIL ROAD COMPANY.

DARWIN, next friend, &c., VS. THE TUSCUMBIA, COURT-
LAND AND DECATUR RAIL ROAD COMPANY.

*As to deficient judgments having the same effect.*

1. That judgment is rendered *upon motion to quash the writ,*
when the *proper* judgment would be, upon *non-suit,*—is no
error.

In error to the Circuit Court of Morgan.

Margaret A. Peck and John W. Peck, by their
next friend, Darwin, sued out a writ in trespass on
the case, against "Benjamin Sherrod, President,
and David Hubbard, James B. Wallace, John Gregg,
Jack Shackleford, David S. Goodloe, James Elliott,
Micajah Tarver, Branham Merrill, John L. McRea,
Henry W. Rhodes, James T. Sykes, and James Fen-
nell, directors, being the president and directors of
the Tuscumbia, Courtland and Decatur Rail Road
Company."

The cause of action was for the exposure of the
plaintiff's negro, while in the defendants' service, to
such hardships in inclement weather, as to cause his
death : and the writ was returnable to September
term, eighteen hundred and thirty-five.

At the same term, was filed a declaration in the
cause, against "The Tuscumbia, Courtland and De-
catur Rail Road Company."

At March term, eighteen hundred and thirty-six,
the following entry appeared, to wit—

"William Darwin, next. friend of Margaret A.

Peck, and John W. Peck, infants, vs The Tuscumbia, Courtland and Decatur Rail Road Company.—This day came the plaintiffs, by their attorney, and the defendants, James Fennell, James T. Sykes, Henry W. Rhodes, and Benjamin Sherrod, by their attorney, and moved the Court to *quash the writ* in this case, which motion was opposed by the counsel for the plaintiff; but the Court sustained the defendants' motion, and quashed the writ. It is, therefore, considered that the defendants go hence, and recover of the plaintiffs their costs herein expended."

The plaintiffs took a writ of error, and here assigned as erronious the said judgment of the Court below, in quashing the writ.

*McClung*, for plaintiff in error.
*S. Parsons*, contra.

HOPKINS J.—In this case, the plaintiffs in error commenced their action by a writ, against Benjamin Sherrod, president, and H. W. Rhodes, James Fennell, James T. Sykes, and several other persons, as directors of the Tuscumbia, Courtland and Decatur Rail Road Company.

The endorsement on the writ contains a statement of a cause of action against the defendants to the action.

The declaration was filed against the Tuscumbia, Courtland and Decatur Rail Road Company; and this is the corporate name of a company which has a charter from the State.

During the next term of the Circuit Court of Morgan county, after that to which the writ was return-

able, the four persons, whose names have been mentioned, appeared, by their attorney, and moved the Court to quash the writ. The motion was sustained, and the writ quashed. The following judgment was given by the Court—

" It is, therefore, considered, that the defendants go hence, and recover of the plaintiffs their costs, herein expended."

The writ is against persons, and the declaration against a corporation. The case is governed by the same principle, which would apply, if the declaration were against different persons from those, who were sued by the writ. Instead of a motion to quash the writ, the defendants ought to have asked for a judgment of non-suit against the plaintiffs, because there was no declaration against the defendants to the writ. The judgment which the Court rendered, terminated the suit against them, and allowed them costs against the plaintiffs. These consequences would have followed a judgment of non-suit, to which the defendants to the writ were entitled. As the judgment which was given, has the same effect on the plaintiffs, that the proper judgment would have, they have no right to complain of what does them no injury.

It does not appear, from the record, that the Circuit Court acted upon the case in the declaration. As the corporation had not been brought into Court, by the service of process, and had never appeared, the case in the declaration was not one, in which the Court ought to have given a judgment for the plaintiffs.

Let the judgment be affirmed.

COLLIER, J.—I concur in the conclusion of the opinion of the Court; but do not think the declaration was so entirely variant from the writ, as to have authorised a non-suit. If the parties who appear to have acknowledged service of the writ, can be considered to have been in Court at the return term, (on which it is not necessary to express an opinion,) the motion to quash at the trial term was too late. But as a plea in abatement for a variance between the writ and declaration, would have been proper, and should have been sustained, I do not feel authorised to reverse the judgment on the motion to quash, and send the case back to have the same judgment rendered on plea.